14632

LEAPHART *ET AL.* v. HARMON *ET AL.*

(195 S. E., 628)

August, 1937.

*Mr. E. L. Asbill,* for appellants,

*Messrs. Callison & Smith,* for respondents, ▮▮▮▮

March 8, 1938.

The opinion of the Court was delivered by MR. WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

This cause now comes to this Court on appeal from a decree of Hon. H. F. Rice, Judge of the second circuit. This appeal presents two issues, viz.:

First. A proper interpretation of the following section of the Code of 1932: "§ 9052. No gift, devise, bequest, or settlement in trust or otherwise shall be held to be void as a perpetuity where the same is made for the purpose of maintaining, caring for, or keeping in repair any tomb, monument, burial lot, burial ground or cemetery, whether public or private, where the remains of human beings are interred; and all such gifts, devises, bequests, or settlements in trust or otherwise are hereby declared to be for a charitable purpose."

Second. Does a trust necessarily fail by reason of the failure or neglect of the named trustee to act?

The appellants herein are the heirs-at-law and next of kin of the late Ella Leaphart Fulmer, who died testate in the year 1936.

In her will the testatrix directed that she be buried in the cemetery of St. Paul's Lutheran Church, commonly known as Hollow Creek Church, by the side of her sister, Sarah M. Price.

Perhaps having read Justice Cothran's words in describing the graveyard in the case of *Frost v. Clay Company,* 130 S. C., 72, 124 S. E., 767, 769, "It may appropriately have been called 'God's Acre,' for He alone had visited it," testatrix provided in her will as follows: "Item Six: I will and direct that my executors after converting all property of every kind and character into cash, and paying for all 'the items herein directed, that any balance or residue which may be left be by them paid over to the church council of St.

Paul's Lutheran Church and by them invested in government bonds and the proceeds or income therefrom be expended in keeping up the graves of myself and my sister, Sarah M. Prince, in perpetuity."

The record shows that the residue of the estate falling within the terms of this item in the will amounts to approximately $1,500.00.

The appellants herein, heirs-at-law and next of kin of the testatrix, by this suit challenge the application of this fund to this trust on the ground that the trust is void in that it violates the rule against perpetuities, and that it does not come within the terms of Section 9052 of the Code above quoted.

Judge Rice held that the trust was a valid one in that it came within the terms of Section 9052 of the Code, and in this we agree with him.

This legislation was enacted in the year 1926 for the purpose of excepting trusts just such as this one from the terms of the rule against perpetuities. It makes an exception of funds set aside for caring for or keeping in repair "any tomb, monument, burial lot, burial ground or cemetery * * * where the remains of human beings are interred."

Appellants insist that graves are neither tombs, monuments, burial lots, burial grounds, nor cemeteries. With this contention we cannot agree.

In The Century Dictionary and Cyclopedia appear the following definitions:

"Grave:—An excavation in the earth, now especially one in which a dead body is or is to be buried; a place for the interment of a corpse; hence, a tomb; a sepulcher."

"Tomb:—An excavation in earth or rock, intended to receive the dead body of a human being;—a grave."

"Monument:—Anything by which the memory of a person, a period, or an event is preserved or perpetuated."

"Burial Place:—A portion of ground set apart for or occupied by a grave or graves:—a grave or a graveyard."

It appears inescapable that the position taken by appellants cannot be successfully maintained in the face of these definitions.

The exceptions raising this question are, therefore, overruled.

It seems from the record that the trustee named by testatrix has declined to act as such. Judge Rice provided that the executors have leave to make such fact known to the Court by petition or otherwise for such action as the Court may take. In this we are of the opinion that Judge Rice was correct.

The principle that a trust will never be allowed to fail for want of a proper trustee is one of the foundation principles —one of the "mud-sills"—of chancery. This universal rule requires no citations.

It is therefore ordered that the judgment herein be, and the same is hereby, affirmed, and the exceptions overruled.

Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Chief Justice Stabler and Mr. Justice Carter did not participate on account of illness.